UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JONATHAN KIKER, | § | |
| --- | --- | --- |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-01084 |
| | § | |
| KIN KIN, LLC, DNDT, LLC, DONG PHAM AND NHON V. NGUYEN, INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jonathan Kiker brings suit against Defendants Kin Kin, LLC, DNDT, LLC, Dong Pham and Nhon V. Nguyen, Individually ("Defendants") and in support would show as follows:

### I. PRELIMINARY STATEMENT

1.1  This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants own and operate District30 Gastropub, a restaurant located in Dallas Texas. Defendants employed Plaintiff Jonathan Kiker ("Kiker" or "Plaintiff") as a chef, where he consistently worked over forty hours per week. However, Defendants never paid Kiker overtime premiums for such hours.

1.2  Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

## II. JURISDICTION AND VENUE

2.1 The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2 The Court has personal jurisdiction over Defendants Kin Kin, LLC and DNDT, LLC, because these entities conduct business in Texas and have entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3 Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

**A. Plaintiff**

3.1 Plaintiff Jonathan Kiker is an individual residing in Dallas, Texas.

**B. Defendants**

3.2 Defendant Kin Kin, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Irving, Texas.

3.3 Defendant Kin Kin, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4 Defendant Kin Kin, LLC can be served with process by serving its registered agent for service of process, Nhon V. Nguyen at 3900 San Ramon Drive, Arlington, Texas 76013, or at 3211 Oak Lawn Ave, Suite C, Dallas Texas 75219.

3.5 Defendant DNDT, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.6     Defendant DNDT, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.7     Defendant DNDT, LLC can be served with process by serving its registered agent for service of process, Nhon V. Nguyen at 3900 San Ramon Drive, Arlington, Texas 76013, or at 3211 Oak Lawn Ave, Suite C, Dallas Texas 75219.

3.8     Defendant Nhon V. Nguyen is an individual who resides in Dallas, Texas.

3.9     At all times relevant to this claim, Defendant Nhon V. Nguyen acted directly or indirectly in the interest of Defendants Kin Kin, LLC and DNDT, LLC in relation to Plaintiff's employment.

3.10    At all times, Defendant Nhon V. Nguyen was substantially in control of the terms and conditions of Plaintiff's work.

3.11    Defendant Nhon V. Nguyen was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

3.12    Defendant Nhon V. Nguyen may be served with process at 3900 San Ramon Drive, Arlington, Texas 76013, or at 3211 Oak Lawn Ave, Suite C, Dallas Texas 75219.

3.13    Defendant Dong Pham is an individual who resides in Dallas, Texas.

3.14    At all times relevant to this claim, Defendant Dong Pham acted directly or indirectly in the interest of Defendants Kin Kin, LLC and DNDT, LLC in relation to Plaintiff's employment.

3.15    At all times, Defendant Dong Pham was substantially in control of the terms and conditions of Plaintiff's work.

3.16    Defendant Dong Pham was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

3.17    Defendant Dong Pham may be served with process at 3900 San Ramon Drive, Arlington, Texas 76013, or at 3211 Oak Lawn Ave, Suite C, Dallas Texas 75219.

### IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendants Kin Kin, LLC and DNDT, LLC each had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendants Kin Kin, LLC and DNDT, LLC have been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants Kin Kin, LLC, DNDT, LLC, Dong Pham and Nhon V. Nguyen own and operate District 30 Gastropub in Dallas, Texas.

5.2     Defendants employed Plaintiff as a chef during the three-year period preceding the filing of this Complaint.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during his employment with Defendants.

5.5     Plaintiff was required to comply with Defendants' policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendants.

5.6     As the managers of Defendants Kin Kin, LLC and DNDT, LLC, Dong Pham and Nhon V. Nguyen independently exercised control over the work performed by Plaintiff.

5.7     Dong Pham and Nhon V. Nguyen are responsible for running the day-to-day operations of Defendants Kin Kin, LLC and DNDT, LLC.

5.8     Dong Pham and Nhon V. Nguyen, acting directly in the interest of Defendants Kin Kin, LLC and DNDT, LLC, determined the wages to be paid to Plaintiff.

5.9     Dong Pham and Nhon V. Nguyen, acting directly in the interest of Defendants Kin Kin, LLC and DNDT, LLC, determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular basis.

5.10    Dong Pham and Nhon V. Nguyen, acting directly in the interest of Defendants Kin Kin, LLC and DNDT, LLC, determined the locations where Plaintiff would work.

5.11    Dong Pham and Nhon V. Nguyen, acting directly in the interest of Defendants Kin Kin, LLC and DNDT, LLC, determined Plaintiff's hours.

5.12    Dong Pham and Nhon V. Nguyen, acting directly in the interest of Defendants Kin Kin, LLC and DNDT, LLC, determined Plaintiff's conditions of employment.

5.13    Dong Pham and Nhon V. Nguyen, acting directly in the interest of Defendants Kin Kin, LLC and DNDT, LLC, maintained employment records on Plaintiff.

5.14    Dong Pham and Nhon V. Nguyen, acting directly in the interest of Defendants Kin Kin, LLC and DNDT, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.15    Plaintiff was a non-exempt employee.

5.16    Plaintiff normally worked in excess of forty hours per week.

5.17    Although Plaintiff worked more than forty hours per week, Plaintiff has not been paid an overtime premium for any hours worked over forty per week.

## VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     As a non-exempt employee under the FLSA, if Plaintiff worked over forty hours in a workweek, Plaintiff was entitled to overtime pay for these hours.

6.3    Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours every single week of his employment.

6.4    Even though Plaintiff worked in excess of forty hours per week, Defendants failed to pay Plaintiff overtime premiums for such hours.

6.5    As a result, Defendants have violated 29 U.S.C. § 201 *et seq*.

6.6    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.7    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime premiums for hours worked over forty in a workweek.

6.8    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such conduct.

6.9    Plaintiff seeks all unpaid overtime compensation and an additional equal amount as

liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jonathan Kiker respectfully prays that Defendants Kin Kin, LLC, DNDT, LLC, Dong Pham and Nhon V. Nguyen, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendants, jointly and severally:

a. Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

b. Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF